REGAN, Judge.
Plaintiff, Vanguard Finance, Inc., instituted this suit against the defendant, Southern Parking Company, Inc., endeavoring to recover the sum of $182.56 representing the loss of use of plaintiff’s automobile as a result of its theft on December 15, 1958, from defendant’s parking facilities.
Defendant answered and generally denied the allegations of plaintiff’s petition.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals there is no dispute that plaintiff’s automobile was stolen from defendant’s parking lot on December 15, 1958, and the automobile was recovered by the police on December 26, 1958; that defendant’s insurer requested that it be permitted to inspect the damages incurred by the vehicle before the repair thereof was begun, which was done five days later or about December 31, 1958; that the vehicle was thereafter repaired and returned to the plaintiff on January 19, 1959; nor is *664 it disputed that the plaintiff actually rented an automobile from the Dixie Drive It Yourself System from December 19, 1958, until January 19, 1959, and paid to this company $222.56 for the rental thereof.
This appeal is confined to the correctness of the trial court’s judgment in permitting plaintiff to recover for the cost of rental of the aforementioned automobile for the period extending from December 19, 1958, to January 19, 1959, less a credit of $40 paid to plaintiff by his insurer for loss of use of his vehicle.
The defendant concedes that the law is well settled to the effect that where the damaged vehicle can be and is repaired, the injured litigant may, in addition to reimbursement for the cost of the repairs, recover the actual expense he has been required to defray resulting from the deprivation of the use of the vehicle during the time the repairs are being made.[1]
However, defendant contends plaintiff did not minimize damages incurred by his vehicle by acting with ordinary diligence in procuring the repair thereof, although he concedes that defendant’s insurer did not inspect the damages incurred by plaintiff’s vehicle until December 31, 1958, and therefore about 18 days, which included holidays, were required to repair the automobile.
The foregoing resume of the evidence and defendant’s contention reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof was obviously of the opinion that the plaintiff did procure the repair of his vehicle within a reasonable length of time.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the evidence contained in the record. Suffice it to say the trial judge believed that the plaintiff acted with ordinary diligence in procuring the repair of his vehicle and our analysis of the record convinces us that the evidence contained therein preponderates in favor of this conclusion and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Drewes v. Miller, La.App.1946, 25 So.2d 820.